UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                        2:08-cr-38-FtM-29DNF

BOBBY HENRY HOLT
_____

**OPINION AND ORDER**

This case is before the Court on Defendant's Motion to Suppress All Evidence Obtained by Law Enforcement During, Following and Pursuant to the Execution of a Search Warrant Dated February 14, 2008 (Doc. #49), filed on October 3, 2008. Defendant argues that a state court search warrant and affidavit were "facially deficient in its four corners, overbroad, did not contain the necessary elements to establish probable cause, and was deceptive and misleading since key items of information were not disclosed . . . ." (Doc. #49, p. 6.) Defendant also filed a Supplemental Memorandum (Doc. #65). After an evidentiary hearing, United States Magistrate Judge Douglas N. Frazier submitted a Report and Recommendation (Doc. #66) to the Court recommending that the motion be denied. Defendant filed Objections (Doc. #70) on November 23, 2008.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify

the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

**II.**

As the magistrate judge correctly stated (Doc. #63, p. 64), federal law governs the admission in federal court of evidence obtained by state officers. United States v. Clay, 355 F.3d 1281, 1283 (11th Cir. 2004); United States v. Malekzadeh, 855 F.2d 1492, 1496 (11th Cir. 1988); United States v. De La Rosa, 922 F.2d 675, 678-79 (11th Cir. 1991). Thus, while defendant relies extensively on state case law, those cases are not controlling in federal court.

**A.  Franks Challenge**:

An affidavit to a search warrant is presumed to be valid, Franks v. Delaware, 438 U.S. 154, 171 (1978), and a challenge is

normally limited to the four corners of the document. <u>United States v. Martin</u>, 297 F.3d 1308, 1313 (11th Cir. 2002). Under limited circumstances, however, a defendant is entitled to an evidentiary hearing to challenge the veracity of the affidavit. <u>Franks</u>, 438 U.S. at 155-56, 171-72. At the scheduled hearing on the motion, the government called the affiant without contesting the need for an evidentiary hearing. (Doc. #63, p. 4.) Therefore, the Court need not decide whether the motion was sufficient to require an evidentiary hearing under <u>Franks</u>.

When a <u>Franks</u> evidentiary hearing has been conducted, the Court performs the following analysis: (1) Determines whether or not defendant has shown by a preponderance of evidence that the affidavit contains deliberate or reckless misstatements or omissions; (2) reforms the affidavit accordingly by omitting the false statements or inserting the omissions; and (3) decides whether or not the reformed affidavit nonetheless supports the judge's finding of probable cause. <u>United States v. Cross</u>, 928 F.2d 1030, 1041 (11th Cir. 1991), <u>cert. denied</u> 112 S. Ct. 594 (1991); <u>United States v. Novaton</u>, 271 F.3d 968, 986-87 (11th Cir. 2001); <u>O'Ferrell v. United States</u>, 253 F.3d 1257, 1267 (11th Cir. 2001).

**(1) Omissions:**

As to the alleged omissions, the magistrate judge found: "The Defendant has not shown that Detective Kraft knew the information

that the Defendant claims was omitted, nor has the Defendant shown that Detective Kraft intentionally omitted any of this information from the Affidavit or that the omitted information was material." (Doc. #66, p. 10.)  The Court agrees in part.

Defendant asserts that the affiant, now-retired Detective Francesca Kraft of the Lee County Sheriff's Office, omitted from the Affidavit <u>when</u> the victim had moved out of defendant's home and <u>when</u> and <u>where</u> the last sexual encounter between the victim and defendant occurred.  Defendant argues that affiant knew this information from her interview with the victim, but nonetheless failed to include it in the Affidavit.  The information, defendant argues, would have adversely affected the finding of probable cause. (Doc. #49, p. 4.)  Defendant also argues that the affiant omitted from the Affidavit a great deal of factual detail related to the alleged sexual encounters.  (Doc. #49, pp. 9-10.)

The Court agrees with defendant that the affiant knew when the victim had moved out of defendant's home and when and where the last sexual encounter between the victim and defendant occurred. The victim told affiant in a recorded interview that her last sexual encounter with defendant had been at defendant's house five weeks prior to the interview, just before she moved out of defendant's house.  (Doc. #49-3, pp. 16, 17, 19-20, 22.)[1]  The

---

[1] The transcript of the interview with the victim was not admitted as an exhibit at the evidentiary hearing, but was submitted by defense counsel with his objections to the Report and (continued...)

Court also agrees with defendant that this information was material. Therefore, the Court declines to adopt the Report and Recommendation findings that defendant did not show that Detective Kraft knew this information and did not show it was material.

The Court does agree with the Report and Recommendation, however, to the extent it finds that defendant has not shown that Detective Kraft intentionally omitted this information from the Affidavit. Further, the Court also finds that defendant has not shown that the omissions were made with a reckless disregard for the truth. There is no conceivable reason why the affiant would intentionally or recklessly omit this information. The information, if set forth in the Affidavit, would render the facts less stale than otherwise appears and would directly link defendant and his residence to the criminal activities alleged.

The Court also finds that the great deal of factual detail related to the alleged sexual encounters which defendants argues should have been set forth in the Affidavit was not known to affiant and was thus not intentionally or recklessly omitted. As the Affidavit stated, not even the victim could provide much of

---

[1](...continued)
Recommendation. However, Detective Kraft had testified at the evidentiary hearing that she knew when the victim moved out of defendant's residence in Hendry County and the failure to put this in the Affidavit was an oversight (Doc. #63, pp. 24-26) and that the victim had stated the last sexual encounter in Hendry County was about 30 days prior to the interview (Doc. #63, pp. 46).

these details, such as the number of sexual encounters with defendant over the years.

Defendant asserts that the victim's statement to the affiant failed to provide a great deal of factual detail related to the alleged sexual encounters and her relationship with defendant, and made no mention that he kept or stored pornographic images of her on any computer. (Doc. #49, p. 4, 5-6.) A Franks hearing is not available to probe the truthfulness of the victim's statements or background. The only issue before the Court is the affiant's intentional or reckless disregard for the truth. United States v. Smith, 918 F.2d 1501, 1508 (11th Cir. 1990), cert. denied 502 U.S. (1991). In any event, the victim's statement is sufficiently detailed so that both the affiant and the state court judge could properly rely upon it.

Defendant asserts that the affiant failed to set forth in the Affidavit that (1) defendant took the victim to the doctor for prescription drugs, (2) the victim had a narcotics problem since age 14, (3) the victim shared an apartment with her boyfriend when she was 15 years old, and (4) there was a hostile relationship between the victim's mother and defendant, including a recent divorce. (Doc. #49, p. 6.) The Court finds that there is no record evidence that the first matter was true or, more importantly, that the affiant knew it had occurred. Additionally, the first matter is not material to the affidavit. The substance of the second matter was disclosed in the Affidavit. Nothing about

the third matter was material to the Affidavit, and the flavor of the relationship between defendant and his spouse was adequately described in the Affidavit even without mention of the divorce. Additionally, the Court finds that defendant has not established that the information was omitted intentionally or with reckless disregard of the truth.

Defendant also argues that the affiant failed to disclose that her handwritten statement in the Affidavit that "Additionally, the victim stated the pictures were placed on a computer screen and cell phone" had actually been made to affiant by the victim's mother, not the victim. (Doc. #70, p. 2.) At the suppression hearing the affiant testified that she had received a call on her cell phone from the victim's mother, who related that the victim had told her (the mother) that the pictures had been placed on a computer screen and cell phone. (Doc. #63, pp. 13-14.) The language used in the Affidavit is literally true; additionally, the affiant testified that she told the issuing judge that the information came by way of the victim's mother (Doc. #63, pp. 29-30.)

**(2) False Statements:**

As it relates to affirmative misrepresentations in the Affidavit, the evidence reveals two misstatements. First, the last name of the victim's mother was identified as "Jackson" when it was actually "Johnson." Defendant makes no argument regarding this error, and the Court finds that this was clearly inadvertent, was

not intentional or reckless, and did not have any impact on the sufficiency of the Affidavit.  Second, the Affidavit stated that defendant pressured the victim into having sexual relations "with other women and men, so he could photograph them."  The affiant testified that this should have stated that defendant pressured the victim into having sexual relations "with other women and himself, so he could photograph them."  The Court agrees with the finding in the Report and Recommendation that "Defendant has failed to show that Detective Kraft intentionally included these errors in the Affidavit, or included them with reckless disregard for the truth." (Doc. #66, p. 11.)

    **(3) Sufficiency of Reformed Affidavit:**

Even if the statements and omissions were found to have been intentional or reckless, the Affidavit would be reformed to omit false statements and insert omissions.  When this is done, the reformed Affidavit in this case supports the judge's finding of probable cause.  As noted previously, inserting the omitted information known to the affiant would actually create a stronger showing of probable cause as to defendant's residence, and correcting the one erroneous statement would not detract from that showing.

**B.    Probable Cause as to Defendant's Residence:**

Defendant argues that there was no probable cause to search his residence set forth in the Affidavit, since the alleged sexual

incidents occurred at the residence of the victim's mother, not at his new residence in Hendry County. (Doc. #49, p. 4.) Defendant also argues that the tie to his Hendry County residence was "confusing and deliberately misleading." (Doc. #70, p. 1.)

A judge issuing a search warrant does so on the basis of a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Illinois v. Gates, 462 U.S. 213, 238-39 (1983); United States v. Jiminez, 224 F.3d 1243, 1248 (11th Cir. 2000). When the place to be searched is a residence, "the affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002). The issuing judge may draw inferences from the facts presented, and these inferences must be given due weight by a reviewing judge. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Martinelli, 454 F.3d 1300, 1306 (11th Cir. 2006). A reviewing court simply ensures that the issuing judge had a substantial basis for concluding that probable cause existed. Gates, 462 U.S. at 239.

The Affidavit in this case expressly linked defendant to the residence to be searched, stating that defendant was residing in the trailer located at the location. Affidavit, page 1 fourth unnumbered paragraph. From the totality of the facts presented, a

reasonable issuing judge could infer that the items would be found at defendant's residence, even if the sexual encounters had not occurred there. Therefore, the Court agrees with the finding and conclusion of the magistrate judge (Doc. #66, p. 11).

**C.   Staleness:**

Defendant argues that no crime had occurred and no evidence had been observed for the 75 days preceding the execution of the search warrant, thus resulting in stale information which did not support probable cause. (Doc. #49, pp. 8, 10.) The Court adopts the Report and Recommendation as to staleness (Doc. #66, pp. 12-15), with minor exceptions. Like defendant, the Court is not certain how "November 7, 2007" was determined to be the last date of the sexual relations in Lee County. The Affidavit stated the last date was during the end of November, 2007. The Search Warrant was issued on February 14, 2008, leaving a period of approximately 75 days between the last sexual encounter in Lee County and the issuance of the Search Warrant. During this time period, there were "many" sexual encounters between the victim and defendant. No "talismanic rule" is applied when reviewing for staleness, and each case must be reviewed on its unique facts. United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994). The Court agrees withe the Report and Recommendation that the information in the Affidavit provided probable cause under the totality of the circumstances in the case.

**D.   Seizure of Firearms:**

Defendant also asserts that weapons seized at his residence were beyond the scope of the items authorized to be seized by the search warrant (Doc. #49, p. 3), and that nothing in the victim's statement reflected to the location or address where the weapons were observed, when they were observed, or their relation to the crimes of unlawful sexual activity or child pornography (Doc. #49, p. 7.)

Testimony at the suppression hearing by the affiant suggested that she believed the firearms were subject to seizure under the Search Warrant because firearms had been mentioned in the Affidavit and the Search Warrant authorized the seizure of "other related items." (Doc. #63, pp. 18-19, 33-35, 49.) If this is the government's theory, it is rejected by the Court. The Affidavit did mention that firearms had been present in defendant's Lee County residence, but there is nothing which suggested that the firearms were utilized in connection with the sexual encounters between defendant and the victim. Therefore, the Court concludes that firearms were not included within the phrase "other related items" and were items which could be seized under the Search Warrant.

The government argued at the suppression hearing that the firearms were not within the scope of the Search Warrant but were nonetheless seized under the plain view exception. (Doc. #63, p. 82.) The Court agrees. Testimony established that the firearms

were observed under defendant's bed while the officers looked for items permitted by the Search Warrant. The affiant knew defendant was a convicted felon, and had been told by the state that his rights had not been restored. (Doc. #63, pp. 19, 49-50). Therefore, defendant's possession of the firearms was unlawful. Since the officers were at a place they were lawfully entitled to be, looked in a place where items identified in the Search Warrant could be found, and the incriminating nature of the firearms was immediately apparent, the firearms could be seized. United States v. Jackson, 120 F.3d 1226, 1228-29 (11th Cir. 1997). The fact that the officers had not confirmed in writing that defendant's right to possess firearms had not been restored did not preclude the seizure of the firearms.

**E.  Leon Good Faith**:

The government argues that even if the Search Warrant Affidavit failed to establish probable cause, nothing should be suppressed because the officers were proceeding on good faith. In United States v. Leon, 468 U.S. 897 (1984) the Supreme Court found a good faith exception which required suppression "only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Leon, 468 U.S. at 922. The Leon exception applies in all but four circumstances: (1)where the judge issuing the warrant was misled by information in the affidavit that the affiant knew was false or would have known was false except for

his/her reckless disregard of the truth; (2) where the judge issuing the warrant wholly abandoned his judicial role; (3) where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is so facially deficient - i.e. in failing to particularize the place to be searched or the things to be seized - that the executing officers cannot reasonably presume it to be valid. See id. at 923.

As a preliminary matter, the Court notes that defendant does not assert that the issuing judge "abandoned" her judicial role, thus the Court need not address that circumstance. (Doc. #63, pp. 76-77.) As to the remaining three circumstances, the Court finds that none of them apply in this case. First, defendant has not shown that Detective Kraft intentionally misled the issuing judge by providing false or incomplete information. Second, the Affidavit articulated sufficient facts to establish probable cause. Finally, the warrant was not facially deficient, as it articulated with sufficient particularity the residence to be searched, as well as the items subject to seizure (Doc. #49-2, pp. 2-3).

Thus, after reviewing the Report and Recommendation and the transcript of the evidentiary hearing, the Court agrees with the findings of fact and conclusions of law made by the magistrate judge with the one exception noted above. Accordingly, the Court will adopt the Report and Recommendation with that one exception,

as supplemented by this Opinion and Order, and will deny the motion to suppress.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  The Magistrate Judge's Report and Recommendation (Doc. #66) is **accepted and adopted** with the exception of (a) the finding that the affiant did not know when the victim had moved out of defendant's home and when and where the last sexual encounter between the victim and defendant occurred, and (b) the date of November 7, 2007, and it is specifically incorporated into this Opinion and Order.

2.  Defendant's Motion to Suppress All Evidence Obtained by Law Enforcement During, Following and Pursuant to the Execution of a Search Warrant Dated February 14, 2008 (Doc. #49) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___10th___ day of December, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of Record