UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                        CASE NO: 2:08-cr-38-FtM-29MRM
                                           CASE NO: 2:08-cr-138-FtM-29NPM

BOBBY HENRY HOLT

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Renewed Motion for Reduction in Sentence (Doc. #164) filed on September 2, 2025. The government filed a Response in Opposition (Doc. #165) on September 15, 2025. The Court previously denied compassionate release on November 24, 2020. (Doc. #161.)

On March 26, 2008, a grand jury returned an Indictment in the first case, and on September 10, 2008, a grand jury returned another Indictment in a second case. The cases were consolidated. On March 3, 2009, in the first case, a jury in Fort Myers returned a verdict of guilty for knowingly possessing child pornography (Count One), knowingly producing child pornography (Count Two), and being a felon in possession of a firearm (Count Three). (Doc. #114.) In a separate verdict, defendant was also found guilty of conspiring to tamper with a witness, and with tampering with a witness related to the first case. On June 8, 2009, defendant was sentenced to a term of 120 months as to Count One, a term of 360 months as to Count Two, and a term of 120 months as to Count Three,

with all terms to be served concurrently with each other and with the term of imprisonment in the second case. (Doc. #120.) Defendant's convictions and sentences were affirmed on appeal. (Doc. #143.)

Defendant seeks to modify his sentence based on extraordinary and compelling circumstances warranted by two reasons: (1) defendant is the only available caregiver for his parents; and (2) defendant received an unusually long sentence. "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). A term of imprisonment may be modified only in limited circumstances. See 18 U.S.C. § 3582(c). Defendant states that he exhausted his remedies, 18 U.S.C. § 3582(c)(1)(A)(i), and the government agrees that more than 30 days have passed from the Bureau of Prisons' receipt of the application and Warden's denial. (Doc. #165, p. 5.)

The Court may not modify a term of imprisonment after it is imposed, except on motion after exhaustion with the BOP, and if it finds: **(A)** "extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and **(B)** "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1).

The "applicable policy statements issued by the Sentencing Commission" are found in Section 1B1.13 of the U.S. Sentencing Guidelines Manual.  Section 1B1.13(b) provides that extraordinary and compelling reasons exist based on a serious medical condition of defendant, the age of defendant being at least 65 years old with serious deterioration, family circumstances such as the incapacitation of a parent when defendant is "only available caregiver for the parent", or an extraordinary and compelling reason other than, or in combination with the aforementioned reasons, and even if defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment. U.S.S.G. § 1B1.13(b).  If there are such "extraordinary and compelling reasons" for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors.  <u>United States v. Monaco</u>, 832 F. App'x 626, 629 (11th Cir. 2020). Defendant must also not be a danger to the safety of any other person or to the community.  U.S.S.G. §1B1.13(a)(2).

"Because all three conditions — *i.e.*, support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement — are necessary, the absence of even one would foreclose a sentence reduction." <u>United States v. Handlon</u>, 97 F.4th 829, 832 (11th Cir. 2024) (quoting <u>United States v. Tinker</u>, 14 F.4th 1234, 1237-38 (11th Cir. 2021)).

### 1. Caregiver

Defendant argues that he is the sole caregiver for his parents. Defendant's father Bobbie Holt is a 100% disabled veteran suffering from prostate cancer. Bobbie Holt is 80 years old, unable to drive, and he lives alone. (Doc. #164, p. 4.) Defendant's mother Linda Hale is 78 years old with her own medical conditions that have left her in wheelchair. Linda Hale's nephew has been caring for her but is unable to continue to do so as he moved 6 hours away to care for his own mother. Defendant attached notarized letters from his parents regarding their medical needs. (Id. at 39, 42-43.)

The government argues that defendant failed to provide medical records for his father and only attached a Department of Veteran's Affairs letter confirming that he receives benefits and that he is 100% disabled. The government notes that his mother's records do not show that she is incapacitated, only that she wishes to have her son come home early. Finally, the government argues that defendant has failed to establish that both parents are incapacitated and that he is the *only* available caregiver.

Defendant does not indicate whether any other family members are present to assist, and both parents indicate in their letters that they are able to get around when needed. While the Court is sympathetic to the issue of aging parents, and the desire of the parents to have their son back with them, these are not

extraordinary circumstances that would justify a reduction in sentence in light of the other factors weighing heavily against release.

**2. Unusually Long Sentence**

Defendant also argues for a reduction based on his "unusually long sentence." Defendant states that he has completed at least 10 years of his sentence and that his sentence would be shorter if sentenced under today's guidelines. The government states that all the same enhancements would apply, and the sentencing range would remain the same for defendant for the offenses charged. Further, the government argues that the sentence is not unreasonable. The Court agrees with the government.

The Court specifically addressed the reasonableness of defendant's sentence on review of his Motion under 28 U.S.C. § 2255:

> The severity of petitioner's Sentencing Guideline range was driven by the seriousness of the crime (production of child pornography) and the relevant conduct in the case.[4] (Cr. Doc. 38 #135 at 81.) "Child sex crimes are among the most egregious and despicable of societal and criminal offenses, and courts have upheld lengthy sentences in these cases as substantively reasonable." United States v. Sarras, 575 F.3d 1191, 1220 (11th Cir. 2009). In similar cases involving the production of child pornography, the Eleventh Circuit has consistently affirmed the reasonableness of prison sentences even longer than petitioner's. See United States v. Blage, 426 F. App'x 829 (11th Cir. 2011) (upholding 720 months for two counts of production); Sarras,

> 575 F.3d at 1221 (upholding 1,200 months for production and possession); United States v. Kapordelis, 569 F.3d 1291 (11th Cir. 2009) (upholding 420 months for production and possession); United States v. Tyler, 256 F. App'x 310, 311 (11th Cir. 2007) (upholding 600 months for production, possession and transportation); United States v. Hodnett, 210 F. App'x 949, 951 (11th Cir. 2006) (upholding 360 months for distribution and possession). At the time of petitioner's trial and sentencing, the Eleventh Circuit had already established that the guidelines for child pornography offenses "do not exhibit the deficiencies the Supreme Court identified in *Kimbrough*." United States v. Pugh, 515 F.3d 1179, 1201 n.15 (2008) (dicta); see also United States v. Irey, 612 F.3d 1160, 1203 (11th Cir. 2010); United States v. Wayerski, 624 F.3d 1342 (11th Cir. 2010). Given the facts of the case, counsel cannot be found ineffective for refusing to launch a broadside on the inherent reasonableness of the child pornography Guidelines.

Holt v. United States, No. 2:08-CR-138-FTM-29SP, 2014 WL 3809108, at *6 (M.D. Fla. Aug. 1, 2014).  See also United States v. Holt, 408 F. App'x 229, 241 (11th Cir. 2010) ("We also find that Holt's sentence is substantively reasonable.").  Nothing has changed such that defendant's sentence would be considered "unusually long."

### 3. Section 3553 Factors

Even if defendant could demonstrate an extraordinary and compelling circumstance to modify or reduce his sentence, the Court must also consider the factors set forth under Section 3553, including:

- 6 -

>    **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>    **(2)** the need for the sentence imposed--
>
>    **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>    **(B)** to afford adequate deterrence to criminal conduct;
>
>    **(C)** to protect the public from further crimes of the defendant; and
>
>    **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
>
>    **(3)** the kinds of sentences available….

18 U.S.C. § 3553(a).  This case involved not only the sexual abuse of a minor but the possession and distribution of the photographs of the minor to another person on this cell phone.  Defendant was also charged with possession of a firearm by a convicted felon and conspiracy to tamper with a witness in the companion case.  Defendant's projected release date is September 10, 2033.  (Doc. #164, p. 20.)  After the convictions, defendant has taken part in self-improvement opportunities, earned his GED, and has done well with UNICOR jobs (Doc. #164, pp. 45-67.)

After considering the applicable factors provided in 18 U.S.C. § 3553(a), including the seriousness of the underlying offenses, and the applicable policy statements issued by the

- 7 -

Sentencing Commission[1], the motion will be denied because the factors weigh against a reduction in sentence.

### 4. Danger to the Community

Along with the requirements above, defendant must also not be a danger "to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2) (2023). This requires looking at the nature and circumstances of the offense charged, the weight of the evidence against defendant, the history and characteristics of the person, and the nature and seriousness of the danger to anyone posed by release. 18 U.S.C. § 3142(g).

As noted by the Eleventh Circuit, sex offenders pose a danger due to their high recidivism rates. Handlon, 97 F.4th at 832 (collecting cases). Defendant's Individualized Needs Plan requires enrollment and successful completion of anger management. (Doc. #154, p. 25.) There is a victim in this case that would have to be notified, and the weight of the evidence and the lack of remorse shown indicate that defendant remains a danger to the community.

Accordingly, it is hereby

---

[1] "Before granting a motion pursuant to 18 U.S.C. 3582(c)(1)(A), the Commission encourages the court to make its best effort to ensure that any victim of the offense is reasonably, accurately, and timely notified, and provided, to the extent practicable, with an opportunity to be reasonably heard, unless any such victim previously requested not to be notified." U.S.S.G. § 1B1.13 cmt. n.2 (2023).

**ORDERED:**

Defendant's Renewed Motion for Reduction in Sentence (Doc. #164) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___29th___ day of September 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record